UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16-CR-24-JED |
| v. | ) | |
| | ) | |
| JOSHUA HARRING, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendants' Unopposed Motion to Declare this Case a Complex Matter (Doc. 58, the "Motion") under 18 U.S.C. § 3161(h)(7)(A). Defendant Tajuan Alexander has filed the motion on behalf of himself and co-defendants Joshua Harring and Morgan Palmer.[1] The government does not oppose the defendants' Motion.

On March 8, 2016, defendants were charged by a Grand Jury with various counts alleging sex trafficking involving minors. (Doc. 2). The defendants, other than Lynch, have made their initial appearances, entered pleas of not guilty, and have been detained pending trial. A scheduling order (Doc. 33) was entered on March 18, 2016, setting the matter for a jury trial on May 16, 2016.

The government is in the process of gathering and formatting discovery to be turned over to the defense. The discovery materials consist of over three hundred thousand

---

[1] A fourth defendant, Cheyenne Lynch, has not yet appeared.

1

Facebook pages in addition to documentation from other social media, over 32,000 files consisting of pdf documents, audio and video recordings, information and data on and from numerous cellular phones, and law enforcement reports. The case has been described as an extensive, overarching conspiracy involving a number of defendants and several minor victims. The parties have advised the Court that it is likely that the government will seek superseding indictments adding more defendants and additional substantive counts. As the investigation continues, of course, additional discovery will be generated and disclosed. Defendants have not yet received the bulk of the discovery due to technical problems in providing the information in the form of external hard drives but it is likely that further delay will not be lengthy. The government has stated its' intention to provide additional discovery as it becomes available to the defendants using the USAfx cloud system. The Court is aware that defense counsel also are involved in other complex matters in this court and others, including counsel for Mr. Alexander in the *Battle* case.

In light of these factors, the Defendants request that the Court declare this case "complex" under § 3161(h)(7)(B)(ii) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial." *Id.* A case may be deemed complex under the Speedy Trial Act if "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for

pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" *Id*. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that a continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-1049 (10th Cir. 2007). A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009).

The Court has carefully reviewed all entries on the docket in this case, including the Defendants' Motion, and finds that this matter should be declared a complex case under § 3161(h)(7)(A). It would be unreasonable to expect Defendants to prepare a meaningful defense under the current scheduling order. The government has advised that a substantial amount of discovery is forthcoming but has not yet been disclosed to the Defendants. The discovery will involve hundreds of thousands of pages from social media sites such as Facebook, and over 32,000 files are in the process of being disclosed. At present, it is not known how many pages will be included in those files. The files also contain audio and video recordings as well as extensive information from seven cellular phones. At this time, the Indictment has charged four individuals but the Court has been advised that a superseding indictment will be sought in the near future adding defendants and substantive counts based on the on-going investigation. The number of defendants is a relevant fact when determining whether a case is complex. *Id.* at § 3161(h)(7)(B)(ii); *United States v. Ajemian*, 2012 WL 2829522, (S.D.N.Y. July 6, 2012). The Court also takes into account that defense counsel

have other matters, including complex matters, that require their attention. Based on all these factors, the Court finds that it is appropriate to treat this matter as a complex case under the Speedy Trial Act. The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal case, this interest must be balanced against Defendants' interest of having adequate time to prepare for trial. Under these circumstance, Defendants' interest in having adequate time to review discovery and prepare for trial outweighs the public's interest in a speedy trial, and the public's interest in a speedy trial will not be subverted by declaring this matter complex. Taking into account the complexity of the case and defense counsel's other matters, the Court finds that a September 2016 trial setting will provide defense counsel with adequate time to review the discovery materials and prepare a defense for their clients.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion to Declare the Case a Complex Matter (Doc. 58) is **granted**.

**IT IS FURTHER ORDERED** that the following scheduling order be entered:

| | |
|---|---|
| Motions due: | July 19, 2016 |
| Response due: | August 2, 2016 |
| PT/CP/Motions Hearing: | September 7, 2016 at 1:30 p.m. |
| Voir dire, jury instructions & trial briefs due: | September 12, 2016 |
| Jury Trial: | September 19, 2016 at 9:30 a.m. |

**IT IS FURTHER ORDERED that time between May 16, 2016, and September 19, 2016 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

DATED this 13th day of April, 2016.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE